**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DARYL JONES and<br>MARKOS PAPPAS. | No. 3:23-cr-107 (OAW) |

## ORDER SETTING TRIAL AND DISCOVERY SCHEDULE

This morning, the court presided over a hearing that it scheduled via ECF No. 30, to set a trial and discovery schedule for the above-captioned case. The start of the hearing was delayed due to lawyers impacted by an accident that slowed highway traffic, and by standby counsel's illness that prevented his participation. The court is thankful for the wellbeing of the parties and counsel, and it wishes Attorney Donovan a complete and a speedy recovery. Additionally, the court appreciates the patience of Mr. Pappas (who remained in custody during those delays, and who decided to proceed without standby counsel at today's hearing), and the efforts of those who worked to share the reasons for the delays (and to so inform Mr. Pappas).

During that proceeding, *see* ECF No. 41, the court set forth the procedural history, and noted the proposed schedules submitted by the parties; that information will not here be repeated. However, the court notes that the matter of *United States v. Willis Taylor*, 3:23cr62 (OAW), a case in which Mr. Pappas is among fourteen codefendants, stems from the same DEA and FBI wiretap investigation that was conducted from June of 2022 through February of 2023, and that produced the instant case. Indeed, the government

1

filed a notice of related cases on July 21, *see* ECF No. 18, resulting in the transfer of this matter to the undersigned, *see* ECF No. 19.

The government represented in its brief at ECF No. 34 that it is in the process of providing discoverable materials to the codefendants in the instant matter (Daryl Jones and Markos Pappas), that such discovery is voluminous, and that its production will be ongoing as such materials are obtained by the government.  It argued that the court should consider the related factual and legal issues between the related cases on the same schedule, in order to be efficient and to conserve judicial resources.

Arguing that the issues in the present case indeed are distinct from those in the related case, that they are not complex, and that he does not waive his right to a speedy trial, Mr. Pappas suggested a more ambitious trial schedule, and after repeatedly referencing how perhaps the court should consider the benefits of severing his case from that of Mr. Jones and also from the several *Taylor* codefendants, Mr. Pappas eventually made oral motion to sever, though without much specific argument or any legal authority. That oral motion to sever was noted at ECF No. 40.

The court, having carefully reviewed the dockets of the *Taylor* matter and of the present case, and also having carefully considered the proposals submitted by the parties and the arguments presented at today's hearing, hereby **DENIES** the motion to sever at ECF No. 40, and **DENIES** Mr. Pappas's requested discovery and trial schedules for the reasons articulated herein.

**EXPEDITED DISCOVERY**

Mr. Pappas orally moved for the expedited exchange of discoverable materials during arraignment before Judge Richardson on August 3, 2023, and reiterated the same in his proposed trial schedule. *See* ECF No. 35.  In his proposed schedule, Mr. Pappas requests that discovery materials be transmitted on or before August 23, 2023. The government and counsel for Mr. Jones note that discovery materials are "voluminous," and the government adds that certain raw data, which is part of the discovery materials, must be converted into a format that can be navigated more easily. *See* ECF Nos. 34 and 36.  At today's hearing, Mr. Pappas conceded that he is unable to access some of the discoverable materials.  Although it is unable to transmit all discoverable materials by August 23, 2023, the government explained its ongoing efforts to facilitate such access. *See also* ECF No. 34.  Mr. Pappas did not dispute those efforts, nor the government's representation that such efforts would continue.

Contemplating the government's efforts to transmit substantial discovery materials to the defendants in a useable format, and in the absence of any delay in doing so, Mr. Pappas's motion for the expedited exchange of discoverable materials is denied.

**EXPEDITED TRIAL SCHEDULE**

Mr. Pappas also made oral motion for an expedited trial schedule, while at his arraignment before Judge Richardson on August 3, 2023; it also is reflected in his proposed trial schedule, *see* ECF No. 35.  Mr. Pappas proposes that dispositive motions be filed on or before September 23, 2023, and that jury selection should be held on November 7, 2023.  The government seeks to consolidate the trial schedule for the instant

case with that of *Taylor*.  Because both cases are derived in the same manner from the same lengthy investigation, the court determines that this case should be heard on the same schedule as *Taylor* in the interest of judicial efficiency, so as to avoid relitigating shared issues.  For these reasons, the motion for an expedited trial schedule is denied.

### **SEVERANCE**

To the extent that Mr. Pappas raised a cursory oral motion for severance, the court considers its discretion under Rule 14 of the Federal Rules of Criminal Procedure to prevent joinder-related prejudice that is so "sufficiently severe [as] to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials."  *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998) (citation omitted).  No such prejudice has been raised here.  While Mr. Pappas asserts that he wishes to try this case before Mr. Jones will be prepared, and before his related *Taylor* codefendants proceed to trial, he is unable to convincingly offer support for his claims that there will be any appreciable difference among the defenses, or that there is any difference among any legal challenges that might be raised by the codefendants in these related cases.  Further, he fails to note any anticipated differences in likely admissible evidence among the various codefendants.  And other than wanting to proceed to trial sooner than do his codefendants, Mr. Pappas does not raise any persuasive reason why a joint or delayed trial would harm his ability to present any available defense.  Moreover, while Mr. Pappas is detained in this matter, the court notes that Mr. Pappas (without prejudice) consented to such detention, finding it to be academic in light of his detention in the *Taylor* case.  For the foregoing reasons, severance is denied.

**SETTING THE TRIAL SCHEDULE**

Having reviewed the parties' proposed trial schedules, ECF Nos. 34, 35, and 36, the court hereby sets jury selection for April 18, 2024.  Mr. Jones has been informed by his attorney of his right to a speedy trial and has submitted a written waiver of the same (through April 18, 2024).  *See* ECF No. 39.  Although Mr. Pappas makes clear his desire for a sooner trial, pursuant to section 3161(h)(6), Mr. Jones's waiver is an exclusion of time that applies to any "codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).  The court finds that the ends of justice served by following the schedule of *Taylor* outweigh the best interest of the public and of the defendants in an earlier trial date. 18 U.S.C. § 3161(h)(7)(A).  The complexity of this case, its shared issues with *Taylor*, and the availability of Mr. Jones's attorney all militate in favor of the trial schedule set by this court.  An earlier trial would "unreasonably deny the defendant […] continuity of counsel" and "the reasonable time necessary for effective preparation," as his attorney would find it "difficult, if not impossible" to schedule trial earlier than April 2024 due to her other trial obligations. 18 U.S.C. § 3161(h)(7)(B)(iv), ECF No.36.  Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A), the period of time from August 16, 2023, to April 18, 2024, shall be excluded from the computation of the time within which trial must commence under the Speedy Trial Act.

All of the court's instant rulings also incorporate and reference the articulated reasons set forth at ECF Nos. 146 and 188 in the *Taylor* matter, finding that adoption of

5

that related case's scheduling order is appropriate to follow in the present case. As such, the court sets forth the following pretrial deadlines (as noted at ECF No. 104 in *Taylor*):

Substantive motions, or a notice indicating that there are no substantive motions, shall be filed on or before **October 2, 2023.**

Responses to substantive motions shall be filed on or before **October 23, 2023.**

Replies in support of substantive motions shall be filed on or before **November 6, 2023.**

Any motions in limine shall be submitted on or before **March 8, 2024.**

Responses to motions in limine shall be filed on or before **March 22, 2024.**

Replies in support of motions in limine shall be submitted on or before **March 29, 2024.**

Proposed voir dire questions and proposed jury instructions shall be submitted on or before **April 1, 2024.**

Objections to proposed voir dire questions and jury instructions shall be submitted on or before **April 4, 2024.**

Exhibit lists, witness lists, and a joint description of the case that will apprise the jury pool of the nature of the case shall be filed on or before **April 5, 2024.**

A pretrial conference shall be held on **April 10, 2024, at 10:00 A.M.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 16th day of August, 2023.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
